

STATE OF OKLAHOMA}
CLEVELAND COUNTY } S.S.
FILED In The
Office of the Court Clerk

NOV 27 2019

In the office of the
Court Clerk MARILYN WILLIAMS

## IN THE DISTRICT COURT OF CLEVELAND COUNTY
## STATE OF OKLAHOMA

FAITH TEMPLE, INC., a domestic corporation, )
)
Plaintiff, )
)
vs. ) Case No. CJ-2019-1363
) Judge Jeff Virgin
CHURCH MUTUAL INSURANCE COMPANY, )
a Wisconsin Corporation, and LISA M. )
HOLLIDAY, P.E., PH.D., an individual, )
)
Defendants. )

### SECOND AMENDED PETITION

COMES NOW Plaintiff, Faith Temple, Inc. d/b/a GoKids ("Faith"), and for its causes of action against Defendants, alleges and states as follows:

1. The instant case involves a storm/wind and hail loss that occurred at Plaintiff's property situated at 3334 West Main Street in Norman, Oklahoma, on or about October 21, 2017.

2. The instant case also involves a policy of insurance made and breached in Cleveland County, Oklahoma.

3. Faith Temple, Inc. is an Oklahoma corporation with its principal place of business in Cleveland County, State of Oklahoma.

4. Upon information and belief, Church Mutual Insurance Company (hereinafter referred to as "Church Mutual") is a Wisconsin corporation and was at all times hereinafter mentioned, and is now duly organized, existing, and authorized to conduct business in Oklahoma.

5. Upon information and belief, Lisa M. Holliday, P.E., Ph.D., is an individual residing in the City of Oklahoma, County of Oklahoma, State of Oklahoma.

6. Venue is proper under 12 O.S. § 137.

7.    At the time of the loss, Plaintiff was insured by Church Mutual under policy number 0309960-02-007932, which covered Plaintiff's property. The policy was in full force and effect at the time of the loss.

8.    On or about October 21, 2018, Plaintiff's property suffered major wind and hail storm damage.

9.    A claim for loss was timely made under the policy by Plaintiff and assigned claim number 1363040.

10.    Church Mutual, rather than make a good faith attempt to properly investigate this claim and conduct a proper investigation, conspired to change the date of loss in an effort to coverage under the policy.

11.    Defendant Holliday was hired by Defendant Church Mutual to investigate the damages caused by the Loss and consult with Defendant Church Mutual on coverage. Church Mutual hired Defendant Holliday to inspect the damages and measure, document, estimate and adjust the damage to the property. Her testimony was utilized by Defendant Church Mutual in its decision to deny payment of Plaintiff's claim.

12.    Defendant Holliday has been used by Defendant Church Mutual on other claims and has provided it with bases to deny full payment on other claims.

13.    Defendant Church Mutual had the responsibility of conducting a thorough, prompt and reasonable investigation of Plaintiff's loss, including determining the cause of and then quantifying the damage done to Plaintiff's property. Instead, Defendant Church Mutual engaged Defendant Holliday to help adjust the claim because Defendant Church Mutual had worked with Defendant Holliday on other claims and knew she would make favorable opinions for Defendant Church Mutual in order to create evidence to deny full payment on Plaintiff's claim.

14. Defendant Church Mutual denied payment for the damage Plaintiff suffered.

15. Defendant Church Mutual has breached its contractual obligations to pay for the losses resulting from hail and wind damage to Plaintiff's property and has violated its duty of good faith and fair dealing.

16. Plaintiff alleges as follows against Defendant Church Mutual:

   a) Defendant Church Mutual has failed to pay covered perils under the policy;

   b) Defendant Church Mutual has breached its contractual obligations to pay for Plaintiff's losses under the provisions of the policy where Plaintiff's actual losses are in excess of $573,510.57;

   c) Defendant Church Mutual failed to conduct a fair and impartial investigation of Plaintiff's claims and losses;

   d) Defendant Church Mutual committed fraud by making false statement(s) to Plaintiff which it relied upon to its detriment, specifically:

   1. Promising to pay for damages Church Mutual subsequently denied;

   2. Promising to conduct a fair and impartial investigation;

   3. Promising to timely evaluate, investigate and process Plaintiff's claim;

   4. Failed to consider the needs of its insureds equal to its own;

   e) Defendant Church Mutual intentionally changed the date of loss on the claim so the one (1) year statute of limitations would expire;

17. Plaintiff has been harmed as a direct result of Defendant Church Mutual's material and false statements and representations that Plaintiff was covered and would be paid under the policy of insurance for which it made premium payments.

18. Plaintiff alleges that it is the corporate goal of Defendant Church Mutual to increase its profits by reducing, delaying or avoiding the payment of valid claims. Plaintiff further alleges that, in furtherance of these company-wide practices or policies, Defendant Church Mutual trains, sets goals, measures results, and rewards employees who reduce, delay or avoid payment of claims. Plaintiff was damaged in an amount in excess of $573,510.57 for actual damage to their property by the storm.

19. Plaintiff was damaged in an amount in excess of $75,000.00 by Defendant Church Mutual's breach of the insurance contract.

20. Given the circumstances in the instant case, Defendant Church Mutual acted unreasonably and in bad faith in the handling and the subsequent denial of Plaintiff's claim.

21. The bad faith conduct of Defendant Church Mutual has affected and damaged not only Plaintiff, but numerous other policyholders in Oklahoma and across the country.

22. As a direct result of the bad faith actions of Defendant Church Mutual, Plaintiff has been damaged in an amount in excess of $75,000.00.

23. Plaintiff alleges as follows against Defendant Holliday:

   a) Defendant Holliday, as an Oklahoma licensed professional engineer, has a superior knowledge and understanding of storm damage, structures, and materials and was best positioned to review and make recommendations to Defendant Church Mutual and wholly failed to do so;

b) Defendant Holliday failed to provide an objective and unbiased opinion of the dwelling's post-storm condition and date of loss;

c) Defendant Holliday failed to apply the practices of engineering in the public interest in order to safeguard life, health and property and to promote the public welfare, as required by the Oklahoma State Board of Licensure for Professional Engineers and Land Surveyor.

24. Defendants have acted with malice and bad faith and should be punished for the benefit of society and to make an example to others to deter similar conduct.

25. Plaintiffs have been forced to hire an attorney and expend money for court costs and cost of litigation for which they should be compensated.

26. Pursuant to 12 O.S. § 2008 (A)(2) and the above facts and circumstances, Plaintiff is entitled to relief under Oklahoma statutory and common law. The amount demanded by Plaintiff is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code. Additionally, Plaintiff's breach of contract claim is in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff moves for a finding by the Court that Defendant Church Mutual breached its contractual duty to pay for the full damages caused by hail and wind storm; committed fraud which have caused damages to Plaintiff; violated its duty of good faith and fair dealing and award damages in excess of $75,000.00 for each such violation; that Plaintiff should be awarded a sum in excess of $573,510.57 in actual damages, an amount in excess of $75,000.00 for punitive damages; an amount in excess of $75,000.00 for breach of contract; an amount in excess of $75,000.00 for fraud; interest as allowed by statutory and common law; that an award of attorney fees and costs of litigation is proper; and for such other and further

relief as the Court may deem equitable in the circumstances against Defendant Church Mutual. Plaintiff further prays this Court will award damages against Defendant Holliday for her negligent and intentional acts which have caused damages to Plaintiff in excess of $75,000.00.

ATTORNEY LIEN CLAIMED

Respectfully submitted,

Ben D. Baker, OBA No. 24175
ben@spartanlawgroup.com
Rusty Smith, OBA 19575
rusty@spartanlawgroup.com
James M. Mcclenny, Texas Bar No. 24091857
james@spartanlawgroup.com
J. Zachary Moseley, Texas Bar No. 24092863
zach@spartanlawgroup.com
**SPARTAN LAW GROUP, LLC**
310 West Main Street, Suite 100
Purcell, Oklahoma 73080
Telephone: (405) 527-8001
Facsimile: (405) 527-1539
**Counsel for Plaintiff**