**IN THE UNITED STATES DISTRICT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **FAITH TEMPLE INC.**, a domestic corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-20-13-G |
| **CHURCH MUTUAL INSURANCE COMPANY**, a Wisconsin corporation, and **LISA M. HOLLIDAY, P.E., PH.D.**, an individual, | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT LISA M. HOLLIDAY, P.E., PH.D.'S**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO**
**REMAND (DOC. NO. 10) WITH BRIEF IN SUPPORT**

Defendant Lisa M. Holliday, P.E., Ph.D. ("Dr. Holliday") respectfully submits this Response in Opposition to Plaintiff's Motion to Remand (Doc. No. 10), and respectfully requests that Plaintiff's Motion to Remand be denied. In further support of this Response, Dr. Holliday states as follows:

## SUMMARY

Plaintiff Faith Temple, Inc.'s ("Plaintiff" or "Faith Temple") Motion to Remand is without merit and should be denied. This Court has diversity jurisdiction, as Plaintiff Faith Temple and Defendant Church Mutual Insurance Company ("Church Mutual") are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs. Plaintiff's fraudulent joinder of Dr. Holliday to this action is an improper attempt to defeat federal jurisdiction.

Plaintiff has no possibility of recovering on its meritless claims of negligence against Dr. Holliday. The Oklahoma Supreme Court, the United States District Court for the Northern District of Oklahoma, and the United States District Court for the Western District of Oklahoma have all held that independent adjusters and other professionals assisting insurance companies in the investigation of a claim do ***not*** owe a duty to the insured as a matter of law. Plaintiff's negligence claim against Dr. Holliday is thus not viable because it cannot establish that Dr. Holliday owed Plaintiff a duty. Therefore, Dr. Holliday respectfully submits that the Court dismiss Plaintiff's claims against her and deny Plaintiff's Motion to Remand.

## BACKGROUND FACTS

This case involves a dispute over benefits allegedly due and payable under a commercial property insurance policy issued by Defendant Church Mutual to Plaintiff. (Plaintiff's Second Amended Petition (the "Complaint") at ¶¶ 1, 7, 15, Doc. No. 1-3). Plaintiff contends that on or about October 21, 2018 the roof of its building suffered major wind and hail damage. (Compl. at ¶ 8). Plaintiff reported the damage to Church Mutual. (Compl. at ¶ 9).

Church Mutual retained Rimkus Consulting Group, Inc. ("Rimkus"), an independent forensic engineering firm, to investigate the cause and extent of the claimed damage. Rimkus assigned Dr. Lisa Holliday, a Rimkus employee, to conduct the investigation. Dr. Holliday investigated the claimed damage on October 15, 2018 and determined that the reported damage to the roof was caused by a previous storm and from improper past repairs. She submitted the report from her investigation directly to Church

Mutual. Sometime thereafter, Church Mutual concluded its adjustment of the claim and denied payment for the damage Plaintiff reported. (Compl. at ¶ 14).

Dissatisfied with the outcome of its claim, Plaintiff instituted this suit against Church Mutual and Dr. Holliday under Cause No. CJ-2019-1363 in the District Court of Cleveland County, Oklahoma. (See Compl.). Plaintiff asserts a claim of negligence against Dr. Holliday, and it asserts claims of bad faith and breach of contract against Church Mutual. (See Plaintiff's Response to Defendant Lisa Holliday's Motion to Dismiss ("Plaintiff's Response") at p. 5, Doc. No. 11; see also Mot. to Remand at p. 7). Specifically, these are the totality of the allegations against Dr. Holliday in Plaintiff's Complaint:

> a) Defendant Holliday, as an Oklahoma licensed professional engineer, has a superior knowledge and understanding of storm damage, structures, and materials and was best positioned to review and make recommendations to Defendant Church Mutual and wholly failed to do so;
>
> b) Defendant Holliday failed to provide an objective and unbiased opinion of the dwelling's post-storm condition and date of loss;
>
> c) Defendant Holliday failed to apply the practices of engineering in the public interest in order to safeguard life, health, and property and to promote the public welfare, as required by the Oklahoma State Board of Licensure for Professional Engineers and Land Surveyor.

(Compl. at ¶ 23).

Church Mutual removed the case from state court to this Court on January 6, 2020. (See Notice of Removal, Doc. No. 1). Improperly-joined defendant Dr. Holliday filed her Motion to Dismiss (Doc. No. 3) on January 8, 2020 and her Reply Brief in Support of her

Motion to Dismiss ("Reply", Doc. No. 13) on February 18, 2020. Both Dr. Holliday's Motion to Dismiss and her Reply are directly relevant to the improper joinder issue and are therefore relevant to the Motion to Remand. Accordingly, Dr. Holliday incorporates here by reference both her Motion to Dismiss and her Reply.

<u>ARGUMENT AND AUTHORITIES</u>

**I.     Fraudulent Joinder Standard of Review.**

A defendant may remove a case based upon diversity jurisdiction – even in the absence of complete diversity – if a plaintiff fraudulently joins a non-diverse party to defeat federal jurisdiction. <u>Dabbs v. Shelter Mut. Ins. Co.</u>, No. CIV-15-148-D, 2015 U.S. Dist. LEXIS 132483, at *3-4 (W.D. Okla., Sept. 30, 2015) (unpublished). "Of course, the presence of a resident defendant prevents removal only if this defendant is 'properly joined,' and it is well established that the fraudulent joinder of a resident defendant does not prevent removal." <u>Updike v. West</u>, 172 F.2d 663, 665 (10th Cir. 1949).

Fraudulent joinder is a jurisdictional inquiry. <u>Albert v. Smith's Food & Drug Ctrs., Inc.</u>, 356 F.3d 1242, 1247 (10th Cir. 2004). "[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." <u>Hernandez v. Liberty Ins. Corp.</u>, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting <u>Smoot v. Chi., R. I. & P. R. Co.</u>, 378 F.2d 879, 882 (10th Cir. 1967)); <u>see also</u> <u>Ferrel v. BGF Glob., LLC</u>, No. CIV-15-404-D, 2015 U.S. Dist. LEXIS 142925, at *4-5 (W.D. Okla., Oct. 21, 2015) (unpublished).

"To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to

establish a cause of action against the non-diverse party in state court." <u>Dutcher v. Matheson</u>, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). When removal is based on fraudulent joinder, the court must determine whether the plaintiff "has any possibility of recovery against the party whose joinder is questioned." <u>Smith v. Texas Roadhouse</u>, No. CIV-15-0392-HE, 2015 U.S. Dist. LEXIS 139659, at *1 (W.D. Okla., Oct. 14, 2015) (unpublished) (quoting <u>Montano v. Allstate Indem.</u>, 211 F.3d 1278, 1278, 2000 U.S. App. LEXIS 15159, at *1 (10th Cir. 2000)). If the court finds the plaintiff cannot establish a cause of action against the non-diverse party, "the Court may properly retain the case and dismiss the fraudulently joined defendant." <u>Neill v. State Farm Fire & Cas. Co.</u>, No. CIV-13-627-D, 2014 U.S. Dist. LEXIS 7064, at *2 (W.D. Okla., Jan. 21, 2014) (unpublished).

## II.    Plaintiff's Joinder of Dr. Holliday is Fraudulent Because Plaintiff Has No Possibility of Recovery Against Dr. Holliday.

Dr. Holliday submits that Plaintiff's joinder of Dr. Holliday is fraudulent because Plaintiff has no possibility of recovery against Dr. Holliday on its state law cause of action. <u>Slover v. Equitable Variable Life Ins. Co.</u>, 443 F. Supp. 2d 1272, 1279 (N.D. Okla., Aug. 9, 2006) ("If the plaintiff clearly cannot maintain a state law claim against the non-diverse defendant…such defendant shall be considered fraudulently joined.").

### A. Plaintiff's Claim for Negligence Against Dr. Holliday is Fatally Flawed as Dr. Holliday Owed Plaintiff No Duty.

Plaintiff's claim for negligence against Dr. Holliday is fatally flawed because, under Oklahoma law, Dr. Holliday owed no duty to Plaintiff. The threshold question in any action for negligence is the existence of a duty. <u>Wood v. Mercedes-Benz of</u>

Oklahoma City, 2014 OK 68, ¶7, 336 P.3d 457; Miller v. David Grace, Inc., 2009 OK 49, ¶11, 212 P.3d 1223; Bray v. St. John Health Sys., Inc., 2008 OK 51, ¶6, 187 P.3d 721. The existence of a legal duty is a question of law for the court. Wood, 2014 OK 68, ¶7, 336 P.3d 457; Miller, 2009 OK 49, ¶11, 212 P.3d 1223. Where the defendant did not owe a duty of care to the plaintiff, there can be no liability for negligence as a matter of law. Lowery v. Echostar Satellite Corp., 2007 OK 38, ¶12, 160 P.3d 959; First Nat'l Bank in Durant v. Honey Creek Entertainment Corp., 2002 OK 11, ¶20, 54 P.3d 100. Here, there was no contract in place between Plaintiff and Dr. Holliday that would give rise to any duty. Nor does Dr. Holliday owe Plaintiff any other duty under Oklahoma law that would conceivably give rise to a claim for negligence under these facts.

It is well-settled law that in performing the inspection on behalf of Defendant Church Mutual, Dr. Holliday owed no duties to the insured. In Trinity Baptist Church v. Bhd. Mut. Ins. Servs. ("Trinity"), the Oklahoma Supreme Court held that an independent adjuster owes no duties to an insured as a matter of law. 2014 OK 106, 341 P.3d 75. Trinity has been extended to any professional assisting in the investigation of a claim at an insurance company's request. See Hightower v. USAA Cas. Ins. Co., No. 16-CV-274-JED-FHM, 2017 U.S. Dist. LEXIS 53645 (N.D. Okla. 2017) (unpublished) (finding the reasoning of Trinity applied irrespective of the designation given to the professional retained by the insurer to help investigate an insured's claim).

Plaintiff attempts to undermine Oklahoma law restricting claims against independent professionals retained to investigate an insurance claim by asserting that the Oklahoma statute governing the Registration of Engineers (59 O.S. §§ 475.1-475.23) and

the Licensure and Practice of Professional Engineers chapter of the Oklahoma Administrative Code (OKLA. ADMIN. CODE § 245:15) create legal duties owed to the Plaintiff. (Response at pp. 11-14). Yet, Plaintiff wholly fails to provide any legal authority from any Oklahoma court where those sections created legal duties which could serve as a basis for civil liability by strangers to a contract against an engineer.

Plaintiff also seeks to escape the reach of Trinity by erroneously asserting, without any supporting authority, that Trinity only applies to independent adjusters or appraisers. (Response at pp. 18-21). Plaintiff's errant assertion reflects a misunderstanding of the driving principles behind the Trinity decision.

Trinity was a policy driven limitation of liability guided by the recognition of two principle concerns: (1) subjecting independent adjusters to potential tort liability from insureds would create conflicting loyalties between the adjusters' contractual obligations owed to the insurer and the newly created legal obligations to the insured; and (2) permitting an insured to recover against an independent adjuster for failing to adequately perform their tasks would allow for double recovery since the insured would then be able to recover against both the insurer and the third party independent adjuster for the very same conduct. Trinity, 2014 OK at ¶¶ 27, 31, 341 P.3d at 85, 86. Thus, the issue of when Trinity applies is not determined by the designation given to the professional retained by the insurer to help investigate a claim (as suggested by Plaintiff), but by whether the facts

of the case at hand are sufficiently analogous to the circumstances in <u>Trinity</u> so as to implicate the same policy concerns addressed in <u>Trinity</u>.[1]

These policy concerns are manifest when (1) an entity that is independent from and in privity of contract with the insurer, (2) is hired by the insurer to assist in the processing or investigation of a claim, and (3) that entity is sued by the insured for deficiencies in performing the designated task. Rimkus is an independent engineering firm that was hired by Church Mutual to help assess the damage reported by the Plaintiff. Rimkus assigned Dr. Holliday to investigate the reported damage to the insured's property. Dr. Holliday is now being sued by Plaintiff, the insured, for alleged deficiencies in her investigation. Clearly, the same policy concerns that guided the decision in <u>Trinity</u> are manifest in the present case. As a result, the precedent set by <u>Trinity</u> dictates that Dr. Holliday did not owe a legal duty to the Plaintiff and she therefore cannot be held liable to the insured for negligence.

Critically, Plaintiff has not cited to any precedent from any Oklahoma court, state or federal, excluding the application of <u>Trinity</u> from engineers retained by the insurer to assist in the investigation a claim. Instead, Plaintiff erroneously asserts that <u>Trinity</u> only applies to independent adjusters or appraisers. (Response at pp. 18-21). Plaintiff's assertion is flat wrong, as courts have repeatedly applied <u>Trinity</u> to independent

---

[1] "The existence of a separate legal duty on the part of the investigator ***in these circumstances*** would allow for potential double recovery, permitting the insured to recover in tort both for breach of contract or breach of the duty of good faith and fair dealing by the insurer--caused by an adjuster's negligent conduct--and from the adjuster for the same conduct." <u>Trinity</u>, 2014 OK at ¶ 31, 341 P.3d at 86 (emphasis added).

professionals hired to assist in the investigation of an insurance claim, even though those professionals were not adjusters or appraisers.

For example, Chief Judge DeGiusti previously found fraudulent joinder and denied a plaintiff's motion to remand under facts remarkably similar to the case at bar. In Jonnada v. Liberty Ins. Corp., Chief Judge DeGiusti held that Trinity prevented an insured from maintaining a negligence claim against an engineering company hired by the insurer to investigate the insured's claim. No. CIV-19-456-D, 2019 U.S. Dist. LEXIS 199645, at *10 (W.D. Okla., Nov. 18, 2019) (unpublished). The plaintiff in Jonnada submitted a claim for hail and water damage to his insurance company. Jonnada, 2019 U.S. Dist. LEXIS 199645, at *3. The insurance company hired an independent engineering firm to investigate the claimed damage and provide a report to the insurance company. Id. at *4. The insurer denied the claim based on the engineering company's report. Id. The plaintiff subsequently sued the insurer for breach of contract and bad faith, and the engineering company for negligence. Id. at *4-5.

The gravamen of the plaintiff's negligence complaint was that the engineering company submitted a grossly inaccurate report of the cause and extent of damage to the plaintiff's home. Id. at *10. In evaluating the sufficiency of the plaintiff's negligence complaint against the engineering company, Chief Judge DeGiusti held:

> In [Trinity], the Oklahoma Supreme Court held, as a matter of first impression, that an independent adjustor hired by the insurance company owed no duty of care to the insured. The court pointed out that if the independent agent or contractor "fails to adequately perform the functions, the insurer is liable, not under the doctrine of *respondeat superior*, but because of its own failure to comply with its non-delegable duty of good faith." (internal quotation omitted).

Further, the court stated that although harm to the insured through an adjustor's negligence may be foreseeable, "from a policy standpoint it makes little sense to hold that the adjustor has an independent duty when the insurer itself is subject to liability for the adjustor's mishandling of claims in actions alleging breach of contract and bad faith."

\* \* \* \*

Although [Engineering Defendant] was a party to a contract with Liberty for engineering services, [Engineering Defendant] had no contract with Plaintiff. Plaintiff has presented no legal authority that would support a negligence claim against Engineering under Oklahoma law consistent with the allegations of his pleading. Further, there is no allegation that [Engineering Defendant] breached its contract with Liberty or performed the contract negligently. Based on the record, the Court finds that … Plaintiff cannot establish any negligence claim against [Engineering Defendant].

Id. at *9-10 (internal citations omitted).

The facts of Jonnada are virtually identical to the present case:

a) The plaintiff in Jonnada filed an insurance claim for hail and water damage;

b) The insurer in Jonnada hired an independent engineering firm to investigate the claimed damage and provide a report to the insurer;

c) The insurer in Jonnada denied plaintiff's claim based on the engineering report;

d) Dissatisfied with the results of its claim, the plaintiff in Jonnada sued the engineering defendant for negligence based on the report it provided to the insurer, and it sued the insurer for breach of contract and bad faith;

e) The plaintiff in Jonnada had no contract with the engineering defendant and provided no legal authority to support its negligence claim against the engineering defendant;

f)   As a result, the plaintiff in <u>Jonnada</u> failed to state a claim against the engineering defendant for negligence, and the motion to remand was denied.

<u>Id.</u> at *3-10.  In the present case:

a)   Plaintiff Faith Temple filed an insurance claim for hail and water damage;

b)   Defendant Church Mutual, the insurer, hired Rimkus (who gave the assignment to Dr. Holliday), an independent engineering firm, to investigate the claimed damage and provide a report to the insurer;

c)   Defendant Church Mutual denied Plaintiff's claim based on the engineering report;

d)   Dissatisfied with the results of its claim, Plaintiff sued engineering Defendant Dr. Lisa Holliday for negligence based on the report she provided to the insurer, and Plaintiff sued Defendant insurer Church Mutual for breach of contract and bad faith;

e)   Plaintiff had no contract with Dr. Holliday and has provided no legal authority to support its negligence claim against Dr. Holliday;

f)   As a result, Plaintiff has failed to state a claim for negligence against engineering Defendant Dr. Holliday, and the motion to remand must be denied.

<u>Trinity</u> makes it clear that Dr. Holliday owed no duty to Plaintiff as a matter of law, rendering Plaintiff's negligence claim against Dr. Holliday meritless. Dr. Holliday respectfully requests that the Court adopt the ruling consistent with both <u>Trinity</u> and <u>Jonnada</u> by dismissing Plaintiff's "claim" for negligence against Dr. Holliday and denying Plaintiff's Motion to Remand.

In addition to <u>Jonnada</u>, Judge Cauthron found fraudulent joinder in <u>MM Prop. Holdings, LLC v. Cont'l Cas. Co.</u>, again applying <u>Trinity</u> to reject recovery for tort claims by the insured against an independent building and construction company hired by the insurer to investigate the extent of hail damage for an insurance claim. No. CIV-17-964-C, 2017 U.S. Dist. LEXIS 177653, at *5 (W.D. Okla., Oct. 26, 2017) (unpublished).

In <u>MM Prop. Holdings</u>, the insured sued its insurer for bad faith, alleging the insurer did not pay benefits owed under the policy on hail damage to its roof. Pl.'s Pet. at pp. 1-2, <u>MM Prop. Holdings, LLC</u>, 2017 U.S. Dist. LEXIS 177653, Doc. No. 1-2. The insured also brought suit for fraud, conspiracy, and collusion against the independent construction company hired by the insurer to investigate the cause and extent of damage. <u>Id.</u> at 5. The insured alleged the construction company intentionally wrote a false report which stated there was no hail damage to the roof when the company knew there was hail damage to the roof. <u>Id.</u> Judge Cauthron of this Court held:

> Plaintiffs argue that because [Defendant Construction Company] wrote false reports, Plaintiffs should be permitted to pursue a fraud or civil conspiracy action. As noted above, ***the Oklahoma Supreme Court has rejected any claims of tort liability*** against an independent adjustor when a plaintiff has a viable claim against the insurance company. <u>See</u> <u>Trinity Baptist Church</u>, 2014 OK 106, ¶31, 341 P.3d at 86. Accordingly, the Court finds that Plaintiffs cannot recover on their fraud or civil conspiracy claim against [Defendant Construction Company] and that party is entitled to dismissal with prejudice.

<u>MM Prop. Holdings, LLC</u>, 2017 U.S. Dist. LEXIS 177653, at *5 (emphasis added). It is important to note that this Court in <u>MM Prop. Holdings</u> correctly applied <u>Trinity</u> in rejecting not just claims of negligence, but ***all claims of tort liability*** against the

independent defendant construction company when the plaintiffs had viable claims against the insurer. Id. (emphasis added).

MM Prop. Holdings is factually analogous to the case at bar. Like the defendant construction company in MM Prop. Holdings, Dr. Holliday is an employee of an independent forensic engineering company that was hired to assist in the investigation of Plaintiff's claim. And, just like the plaintiffs in MM Prop. Holdings, Plaintiff is suing Dr. Holliday in tort based on the contents of her report when it has a viable claim against Defendant Church Mutual, the insurer. Because the facts of the present case mirror the facts of MM Prop. Holdings, the decision should mirror as well: this Court should dismiss Plaintiff's claims against Dr. Holliday with prejudice and deny Plaintiff's Motion to Remand.

It should be noted that the decision to bar tort claims against independent parties hired to assist in the investigation of an insurance claim is not unique to Oklahoma. Other jurisdictions who – like Oklahoma – have adopted the majority rule on this issue, hold the same. In Dagley v. Haag Engineering Co., the Texas Court of Appeals affirmed summary judgment in favor of an engineering firm that was hired to assist an insurer's handling of a claim, holding that the engineering firm could not be held liable on theories of negligence, deceptive trade practices, tortious interference with contract, or civil conspiracy, stating:

> The duty of good faith and fair dealing emanates from the special relationship between an insurer and its insured. . . The special relationship exists because the insured and the insurer are parties to a contract that is the result of unequal bargaining power. . . Without such a contract, there is no special relationship. Absent privity of

> contract with the insured, an insurance carrier's agents or contractors
> owe no such duty to the insured.
>
>            \* \* \* \*
>
> Here, there is no dispute that State Farm, not appellants, hired Haag
> to investigate appellants' storm damage claims. Finding <u>Dear [v.
> Scottsdale Ins. Co.</u>, 947 S.W.2d 908 (Tex. App. 1997)] and <u>Muniz
> [v. State Farm Lloyds</u>, 974 S.W.2d 229 (Tex. App. 1998)]
> persuasive, we conclude that Haag did not owe a duty to appellants
> in its investigation of their claims or providing evaluation materials
> to State Farm.

18 S.W.3d 787, 790 (Tex. App. 2000).

Just like the engineering defendants in <u>Haag</u> and <u>Jonnada</u>, as well as the construction company in <u>MM Prop. Holdings</u>, Dr. Holliday was retained to investigate Plaintiff's reported damage claims. Dr. Holliday had no contract with the Plaintiff and therefore did not owe a legal duty to Plaintiff. Because Dr. Holliday did not owe a duty to Plaintiff, she cannot be held liable for negligence. This Court should dismiss the claims against Dr. Holliday with prejudice and deny Plaintiff's Motion to Remand.

## CONCLUSION

Federal district courts in Oklahoma, including the Western District, have recognized that the precedent set by <u>Trinity</u> applies not only to independent adjusters, but also to independent investigators hired by an insurer to assist in the investigation of an insurance claim. Dr. Holliday is no different, and her engineering license does not create a duty where none would otherwise exist. Under Oklahoma law and the facts of this case, no legal duty arises in favor of the Plaintiff and Dr. Holliday cannot be held liable to Plaintiff for negligence arising from the investigation of the Plaintiff's insurance claim.

As a result, Plaintiff has no possibility of recovery against Dr. Holliday because it cannot state a claim for relief. Therefore, Plaintiff's Motion to Remand should be denied and the claims against Dr. Holliday dismissed with prejudice by the Court.

**WHEREFORE**, above premises considered, Defendant Lisa M. Holliday, P.E., Ph.D., prays that the Court deny Plaintiff's Motion to Remand (Doc. No. 11); that Plaintiff's claims against her be dismissed by the Court with prejudice; for costs and attorney's fees; and for any and all further relief deemed just and equitable by the Court.

Respectfully submitted by:
**LYTLE, SOULÉ & FELTY, P.C.**

*s/Matthew K. Felty*
Matthew K. Felty, OBA #31057
1200 Robinson Renaissance
119 N. Robinson Avenue
Oklahoma City, OK 73102
(405) 235-7471 (Telephone)
(405) 232-3852 (Facsimile)
mkfelty@lytlesoule.com

**ATTORNEYS FOR DEFENDANT LISA HOLLIDAY, P.E., PH.D.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on this the 25th day of February, 2020, a true and correct copy of the foregoing *Defendant Lisa M. Holliday, P.E., Ph.D.'s Response in Opposition to Plaintiff's Motion to Remand (Doc. No. 11) With Brief In Support* was electronically filed with the Clerk of the Court using the ECF system filing system and that the same was transmitted via a Notice of Electronic Filing to the following ECF registrants:

A.  Laurie Koller, Esq.
Rusty Smith, Esq.
Ben Baker, Esq.
Michael Barkett, Esq.
**SPARTAN LAW GROUP, LLC**
320 S. Boston, Suite 1130
Tulsa, OK 74103

Eric Anthony Mareshie, Esq.
**E. ANTHONY MARESHIE, PLLC**
P.O. Box 330161
Tulsa, OK 74133

**ATTORNEYS FOR PLAINTIFF**

Kenyatta R. Bethea, Esq.
**HOLLOWAY, BETHEA & OSENBAUGH**
3035 N.W. 63rd, Suite 102N
Oklahoma City, OK 73116

**ATTORNEYS FOR DEFENDANT CHURCH MUTUAL
INSURANCE COMPANY**

*s/Matthew K. Felty*_____
Matthew K. Felty, Esq.