UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FAITH TEMPLE, INC., <br> a domestic corporation, <br>       Plaintiff, <br> v. <br> CHURCH MUTUAL INSURANCE <br> COMPANY, a Wisconsin corporation, <br> et al., <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-20-13-G <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Now before the Court is a Motion to Remand (Doc. No. 10) filed by Plaintiff Faith Temple, Inc. Responses were filed by Defendant Lisa M. Holliday, PE, PhD (Doc. No. 15) and Defendant Church Mutual Insurance Company (Doc. No. 16), to which Plaintiff has filed replies (Doc. Nos. 17, 18).

### I.     *Background*

Plaintiff initially filed this lawsuit in the District Court of Cleveland County, Oklahoma. In its pleading, Plaintiff alleges that it is an Oklahoma corporation with its principal place of business in Oklahoma, that Defendant Church Mutual Insurance Company ("Church Mutual") is a Wisconsin corporation, and that Defendant Holliday is an Oklahoma resident. *See* Second Am. Pet. ¶¶ 3-5 (Doc. No. 1-3).

Plaintiff alleges that it owns a property in Norman, Oklahoma, that suffered damage including a "storm/wind and hail loss," resulting in Plaintiff submitting a claim for loss with its insurer, Defendant Church Mutual. *See id.* ¶¶ 1, 7-9. Defendant Church Mutual

hired Defendant Holliday, a licensed professional engineer, "to investigate the damages" "and consult with Defendant Church Mutual on coverage." *Id.* ¶ 11. According to Plaintiff, "Defendant Church Mutual engaged Defendant Holliday to help adjust the claim because Defendant Church Mutual had worked with Defendant Holliday on other claims and knew she would make favorable opinions for Defendant Church Mutual in order to create evidence to deny full payment on Plaintiff's claim." *Id.* ¶ 13.

Plaintiff alleges that Defendant Church Mutual "conspired to change the date of loss" and relied upon Defendant Holliday's testimony to deny payment for damages suffered by Plaintiff. *Id.* ¶¶ 10, 11. Plaintiff brings claims against Defendant Church Mutual sounding in breach of contract and bad-faith breach of contract. *See id.* ¶¶ 15-22, 26. Plaintiff alleges that Defendant Holliday failed to provide objective and unbiased opinions regarding the property damage and date of loss, performed "negligent and intentional acts," and "failed to apply the practices of engineering in the public interest in order to safeguard life, health and property and to promote the public welfare, as required by the Oklahoma State Board of Licensure for Professional Engineers and Land Surveyor[s]." *Id.* ¶¶ 23, 26.

In January 2020, Defendants jointly removed the case to this Court on the basis of diversity jurisdiction, citing the allegedly fraudulent joinder of Oklahoma resident Defendant Holliday. *See* Notice of Removal (Doc. No. 1) at 2. Plaintiff timely filed its Motion to Remand.

##### II.     *Diversity Jurisdiction and Fraudulent Joinder*

Jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the parties—*i.e.,* the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). A party invoking diversity jurisdiction—here, Defendants—has the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

In this case, the citizenship of the named parties is undisputed. Plaintiff is a citizen of Oklahoma, Defendant Church Mutual is a noncitizen of Oklahoma, and Defendant Holliday is a citizen of Oklahoma. The material issue is whether Defendant Holliday has been fraudulently joined.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal quotation marks omitted); *see also Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014).

Where, as here, removal is premised on the second basis, the removing party must demonstrate "[t]he non-liability of the defendant[] alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez*, 73 F. Supp. 3d at 1336 (quoting *Smoot v. Chi.,*

3

*Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted). Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"— must be resolved in favor of remand. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988.

  III. *Plaintiff's Negligence Claim Against Defendant Holliday*

  The allegations against Defendant Holliday suggest a cause of action based on negligence under Oklahoma law, and that is how all parties characterize Plaintiff's claim. *See* Pl.'s Mot. to Remand (Doc. No. 10) at 1; Def. Holliday Resp. (Doc. No. 15) at 3; Def. Church Mut. Resp. (Doc. No. 16) at 4.

  The central elements of a negligence claim have been recently summarized in this Court:

> "The elements of negligence are: '(1) the existence of a duty on part of defendant to protect plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom.'" *Prince v. B.F. Ascher Co., Inc.*, 90 P.3d 1020, 1027 (Okla. Civ. App. 2004) (quoting *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300, 302 (Okla. 1986)). "The existence of a duty is an essential element of a negligence claim; without it the claim must fail." *Henry v. Merck and Co., Inc.*, 877 F.2d 1489, 1492 (10th Cir. 1989) (citing Oklahoma law). "Duty is clearly the threshold question in any negligence action." *Copeland v. Admiral Pest Control Co.*, 933 P.2d 937, 939 (Okla.

Civ. App. 1996). Duty of care is a question of law for the Court. *Id.*; *see also Trinity Baptist Church v. Brotherhood Mut. Ins. Serv., LLC*, 341 P.3d 75, 82 (Okla. 2014). Whether a duty exists depends on the relationship between the parties. *Copeland*, 933 P.2d at 939. "[T]he essential question is whether the plaintiff's interests are entitled to protection against the defendant's conduct." *Morales v. City of Okla. City ex rel. Okla. City Police Dep't*, 230 P.3d 869, 878 (Okla. 2010) (internal quotation omitted). One of the most important considerations is the foreseeability of injury to the plaintiff. *Id.*

*Jonnada v. Liberty Ins. Corp.*, No. CIV-19-456-D, 2019 WL 6119233, at *3 (W.D. Okla. Nov. 18, 2019). That decision also summarizes current Oklahoma decisional law regarding negligence claims against independent insurance adjusters:

> In *Trinity Baptist Church*, the Oklahoma Supreme Court held, as a matter of first impression, that an independent adjustor hired by the insurance company owed no duty of care to the insured. *Trinity Baptist Church*, 341 P.3d at 85-86. The court pointed out that if the independent agent or contractor "fails to adequately perform the functions, the insurer is liable, not under the doctrine of respondeat superior, but because of its own failure to comply with its non-delegable duty of good faith." *Id.* at 86 (internal quotation omitted). Further, the court stated that although harm to the insured through an adjustor's negligence may be foreseeable, "from a policy standpoint it makes little sense to hold that the adjustor has an independent duty when the insurer itself is subject to liability for the adjustor's mishandling of claims in actions alleging breach of contract and bad faith." *Id.* The court opined that the existence of a separate legal duty on the adjustor's part would potentially allow for double recovery because the insured could recover from the insurer and from the adjustor for the same conduct. *Id.*

*Jonnada*, 2019 WL 6119233, at *3.

Defendants here argue that, pursuant to *Trinity Baptist Church*, Plaintiff cannot maintain a negligence claim against Defendant Holliday based upon the work she performed on the disputed insurance claim. The Court agrees.

In *Jonnada*, the plaintiff raised claims against both his insurer and "Engineering, Inc.," which was a company that had been retained by the insurer "to investigate and

evaluate the damage to [the plaintiff's] home." *Id.* at \*1-2.  This Court found that the plaintiff's negligence claim against the nondiverse Engineering, Inc. ("Engineering") was not supported by Oklahoma law as set forth in *Trinity Baptist Church*. *See id.* at \*3-4.

> Although Engineering was a party to a contract with Liberty for engineering services, Engineering had no contract with Plaintiff.  Plaintiff has presented no legal authority that would support a negligence claim against Engineering under Oklahoma law consistent with the allegations of his pleading.  Further, there is no allegation that Engineering breached its contract with Liberty or performed the contract negligently.

*Id.* at \*4.  The Court found that the plaintiff's negligence claim, as well as other claims, against the nondiverse Engineering must be disregarded for purposes of subject-matter jurisdiction and, therefore, denied the plaintiff's motion to remand.  *See id.* at \*4, \*5.

Here, likewise, Plaintiff seeks to assert a negligence claim against an independent third party hired by the insurance company.  Plaintiff argues that its negligence claim is not foreclosed by *Trinity Baptist Church* and by the persuasive authority of *Jonnada*, however, because Defendant Holliday is not simply an "insurance adjuster."  But *Jonnada* and other decisions have extended *Trinity Baptist Church* to bar negligence claims against third parties regardless of whether they were identified as "adjusters" or otherwise.  *See, e.g.*, *Jonnada*, 2019 WL 6119233, at \*2 (identifying the engineers hired by the insurer as "third-party consultant[s]" who were hired "to investigate and evaluate the damage" to the insured property); *Hightower v. USAA Cas. Ins. Co.*, No. 16-CV-274-JED-FHM, 2017 WL 1347689, at \*2 (N.D. Okla. Apr. 7, 2017) (finding that it was irrelevant whether the third party was an adjuster or an appraiser "because the reasoning in *Trinity Baptist*, although it pertained to an independent insurance adjuster, is broadly worded and the same policy

6

concerns are applicable here");[1] *cf. MM Prop. Holdings, LLC v. Cont'l Cas. Co.*, No. CIV-19-764-C (W.D. Okla. Oct. 26, 2017) (mem. op. & order) (finding that nondiverse construction company was improperly joined and noting that "the Oklahoma Supreme Court [has] rejected the ability to pursue tort claims against an adjustor").  Plaintiff fails to show that the referenced distinction is material, given that its pleading affirmatively alleges that Defendant Church Mutual hired Defendant Holliday to "adjust" Plaintiff's claim. Second Am. Pet. ¶ 11, ¶ 13.

Plaintiff relatedly argues that its claim against Defendant Holliday should proceed independently from its claims against Defendant Church Mutual because the negligence claim "do[es] not derive from [Defendant Holliday's] relationship with [Defendant Church Mutual] but rather from [Defendant Holliday's] duties she individually owed them." Pl.'s Reply to Def. Holliday Resp. at 8.  But Plaintiff had no contractual relationship with Defendant Holliday, and Plaintiff's Motion does not show how Oklahoma's engineering regulations and statutes create any legal duties or support potential civil liability as to Plaintiff.  "[G]iven the existence of [Defendant Church Mutual's] legal duty to [Plaintiff], it would be fundamentally unfair to permit [Plaintiff] to potentially recover from both [Defendants] for [Defendant Holliday's] allegedly negligent conduct." *Hightower*, 2017 WL 1347689, at *2.

---

[1] The *Hightower* decision further explained that the adjuster in *Trinity Baptist Church* and the hired party in the case at hand "functioned in essentially identical capacities," were both "third parties retained by insurance companies to assist in the evaluation of an insured's claim," and were both "sued for their conduct in handling the insurance claim." *Hightower*, 2017 WL 1347689, at *2.

In sum, it would be inconsistent with Oklahoma law, as expressed by the Oklahoma Supreme Court and as applied by this Court and others, to permit Plaintiff to potentially recover from both Defendant Holliday and Defendant Church Mutual on the claims presented. *See id.* at *2-3; *Jonnada*, 2019 WL 6119233, at *3-4; *Trinity Baptist Church*, 341 P.3d at 86. Based upon the record, Defendants have clearly shown that Plaintiff cannot establish a cognizable negligence claim against Defendant Holliday. *See Dutcher*, 733 F.3d at 988.

### IV. *Waiver of Removal*

Plaintiff additionally argues that remand is required due to certain clauses included in the insurance contract between Plaintiff and Defendant Church Mutual. Plaintiff cites the following:

> 2. Appraisal
>
>> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.
>
> 12. Loss Conditions
>
>> a. Appraisal For Physical Damage Loss.
>>
>>> If you and we disagree on the amount of the "loss," either may demand an appraisal of the "loss." In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.

Pl.'s Mot. to Remand Ex. 1 (Doc. No. 10-1) at 1-2.

Plaintiff, labeling these as "forum-selection clauses," argues that their presence in the contract "has the effect of" being a "service of suit clause" and "plainly anticipates" that Plaintiff would seek relief in Cleveland County District Court. Pl.'s Mot. to Remand at 14-17. Plaintiff conclusorily asserts that the clauses create a "[f]act [q]uestion as to [Defendant Church Mutual's] [w]aiver of [r]emoval [r]ights." *Id.* at 15.

The Court is not persuaded. Plaintiff's lawsuit is not seeking an appraisal or selection of an umpire. Nothing in the cited clauses amounts to a forum-selection clause regarding this litigation and nothing in them restricts either party's ability to remove the litigation under 28 U.S.C. § 1441. And the Court fails to see how either clause shows a lack of subject-matter jurisdiction or another basis for remand of this matter. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons set forth above, the Court finds that Defendants' allegation of fraudulent joinder has been established, and the nondiverse defendant (Defendant Holliday) should be disregarded. Thus, there is complete diversity between the relevant parties and subject-matter jurisdiction exists. Further, the Court finds that remand is not warranted based upon the cited portions of the insurance agreement. Plaintiff's Motion to Remand (Doc. No. 10) is DENIED.

Plaintiff's claim against Defendant Holliday is dismissed without prejudice. Defendant Holliday shall be terminated as a party to this action, and her pending Motion to Dismiss (Doc. No. 3) shall likewise be terminated.

IT IS SO ORDERED this 24th day of July, 2020.

*[Signature]*

CHARLES B. GOODWIN
United States District Judge