## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FAITH TEMPLE, INC.,<br>a domestic corporation,<br><br>    **Plaintiff,**<br><br>v.<br><br>CHURCH MUTUAL INSURANCE<br>COMPANY, a Wisconsin corporation,<br>et al.,<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)   **Case No. CIV-20-13-G**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

Now before the Court is a Motion to Dismiss (Doc. No. 5) filed by Defendant Church Mutual Insurance Company. Plaintiff Faith Temple, Inc., has filed a Response (Doc. No. 12), to which Defendant has replied (Doc. No. 14).

### I.    *Background*

Plaintiff filed this lawsuit in the District Court of Cleveland County, Oklahoma, alleging that it is an Oklahoma corporation with its principal place of business in Oklahoma and that Defendant is a Wisconsin corporation. *See* Second Am. Pet. ¶¶ 3-4 (Doc. No. 1-3) (filed Nov. 27, 2019). In January 2020, the case was removed to this Court. *See* Notice of Removal (Doc. No. 1).

Plaintiff alleges that it owns a property in Norman, Oklahoma, that was insured by Defendant "under policy number 0309960-02-007932." *Id.* ¶ 7. Plaintiff suffered damage and a "storm/wind and hail loss" on the property on or about October 21, 2018, resulting in Plaintiff submitting to Defendant a claim for loss. *See id.* ¶¶ 1, 7-9. Defendant hired

Lisa Holliday, PE, PhD, a licensed professional engineer, "to investigate the damages" "and consult with Defendant Church Mutual on coverage." *Id.* ¶ 11.[1]  According to Plaintiff, "Defendant Church Mutual engaged [Dr. Holliday] to help adjust the claim because Defendant Church Mutual had worked with [Dr. Holliday] on other claims and knew she would make favorable opinions for Defendant Church Mutual in order to create evidence to deny full payment on Plaintiff's claim." *Id.* ¶ 13.

Plaintiff alleges that Defendant "conspired to change the date of loss" and relied upon Dr. Holliday's testimony to "den[y] payment for the damage Plaintiff suffered." ¶¶ 10, 11, 14.  Plaintiff brings claims against Defendant sounding in breach of contract and bad-faith breach of contract. *See id.* ¶¶ 15-22, 26.[2]

## II.    Defendant's Rule 12(b)(6) Motion

Citing Federal Rule of Civil Procedure 12(b)(6), Defendant argues that Plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In analyzing a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).  A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative

---

[1] Dr. Holliday was previously named as a defendant in this lawsuit but has been dismissed by separate order.

[2] Although the pleading additionally contains references to fraud, Plaintiff's Response clarifies that Plaintiff intends to raise only claims of "breach of contract and "bad faith" against Defendant. *See* Pl.'s Resp. (Doc. No. 12) at 1.

level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).   Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III.    *Plaintiff's Claims*

A.  *Breach of Contract*

Defendant first asserts that the Second Amended Petition does not sufficiently plead a breach-of-contract claim, as Plaintiff's allegations "fail[] to state how [Defendant] breached its contract or how [Defendant] continues to breach it[s] contract with Plaintiff." Def.'s Mot. (Doc. No. 5) at 5.

Under Oklahoma law, which governs this diversity case, to recover on a breach-on-contract theory a plaintiff must show: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach."  *Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001).  Neither the additional facts set forth in Defendant's

briefing argument[3] nor Plaintiff's proffered evidence[4] may properly factor in to the Court's Rule 12(b)(6) analysis.  Rather, the Court considers only whether the well-pleaded factual allegations of the Second Amended Petition plausibly state a claim against Defendant.

In the Second Amended Petition, Plaintiff alleges that it had an insurance policy with Defendant that covered the damaged property and was in effect at the time of the claimed loss.  *See* Second Am. Pet. ¶¶ 7, 8.  Plaintiff alleges that it timely submitted a claim under the policy.  *See id.* ¶ 9.  Plaintiff also alleges that Defendant breached the contract because Defendant "denied payment" for "covered perils under the policy"—i.e., "for the losses resulting from hail and wind damage."  *Id.* ¶¶ 14-16.  And Plaintiff alleges that its "actual losses are in excess of $573,510.57."  *Id.* ¶ 16.  Accordingly, the Court finds that Plaintiff has stated a claim for relief that is plausible on its face, and dismissal is not

---

[3] According to Defendant, after Plaintiff filed its insurance claim Defendant hired two separate inspectors and ultimately issued a cash payment to Plaintiff of $14,182.74 on November 8, 2019.  *See* Def.'s Mot. at 2, 4-5.  If there was indeed a cash payment made to Plaintiff, the omission of that fact from the pleading is seriously misleading.  *See* Second Am. Pet. ¶ 14 ("[Defendant] denied payment for the damage Plaintiff suffered."); *cf. Rivera v. Hartford Ins. Co. of Midwest*, No. CIV-14-1082-HE, 2015 WL 1014633, at *1 (W.D. Okla. Mar. 9, 2015) (rejecting plaintiffs' attempt to plead a bad-faith claim premised upon the insurer's failure to pay as much as plaintiffs believed they should receive).  At this juncture, however, the Court may consider only the allegations presented in the Second Amended Petition.

[4] Plaintiff seeks to have the Court consider an expert's opinion regarding Dr. Holliday's inspection.  *See* Pl.'s Resp. Ex. 2 (Doc. No. 12-2).  The Court declines to consider matters outside the pleadings and to convert Defendant's Motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998); *see also Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (noting that on a Rule 12(b)(6) motion the court may not "weigh potential evidence that the parties might present at trial" (internal quotation marks omitted)).

warranted under Rule 12(b)(6).  *See Terry v. Health Care Serv. Corp.*, 344 F. Supp. 3d 1314, 1320-21 (W.D. Okla. 2018); *Robbins*, 519 F.3d at 1247.

### B.  Bad-Faith Breach of Contract

Oklahoma law provides that an insurer has an implied duty of good faith and fair dealing toward its insureds, and the violation of that duty gives rise to an action in tort. *Harris v. Progressive Direct Ins. Co.*, 740 F. App'x 900, 908 (10th Cir. 2018).  A claim for breach of this duty is also referred to as a "bad faith" claim.  *Tabernacle v. Church Mut. Ins. Co.*, No. CIV-11-515-M, 2012 WL 4128291, at *2 n.3 (W.D. Okla. Sept. 18, 2012). Liability for breach of the implied covenant of good faith and fair dealing requires "'a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.'"  *Harris*, 740 F. App'x at 908 (quoting *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 905 (Okla. 1977)).  To establish a cause of action against an insurance company for bad faith under Oklahoma law, the plaintiff must show:

> 1) coverage under the insurance policy and that the insurer was required to take reasonable actions; 2) the actions of the insurer were unreasonable under the circumstances; 3) the insurer failed to deal fairly and act in good faith toward the insured in its handling of the claim; and 4) breach or violation of the duty of good faith and fair dealing was the direct cause of any damages that the insured sustained.

*Id.* (citing *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005)).

Defendant argues that Plaintiff fails to plausibly plead a claim for bad-faith breach of the insurance contract because Plaintiff "fails to articulate any specific actions" by Defendant that constitute bad faith.  Def.'s Mot. at 3, 5-7 (citing *Scheffler v. Am. Republic Ins. Co.*, No. 11-CV-0760-CVE-TLW, 2012 WL 602187 (N.D. Okla. Feb. 23, 2012)).  The

Court disagrees.  When the pleading allegations are viewed in the light most favorable to

Plaintiff, they plausibly show:

- Defendant "conspired to change the date of loss" on the claim "so the one (1) year statute of limitations would expire";

- Defendant hired Dr. Holliday to investigate the insurance claim because Defendant "knew she would make favorable opinions for Defendant" "in order to create evidence to deny full payment on Plaintiff's claim," thereby "fail[ing] to conduct a fair and impartial investigation of Plaintiff's claims and losses";

- Defendant made false statements to Plaintiff, upon which Plaintiff relied to its detriment, including a promise to pay and a promise to timely evaluate Plaintiff's claim; and

- Defendant trains employees to reduce, delay, or avoid payment of claims and rewards employees who do so.

Second Am. Pet. ¶¶ 10, 13, 16.

"[W]hen presented with a claim by its insured, an insurer must conduct an

investigation reasonably appropriate under the circumstances and the claim must be paid

promptly unless the insurer has a reasonable belief that the claim is legally or factually

insufficient." *Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000) (internal quotation marks

omitted).   Here, Plaintiff has adequately alleged that Defendant did not conduct a

"reasonably appropriate" investigation, including specific statements regarding an

improper change to the date of loss and the allegedly improper retention of Dr. Holliday to

investigate the claim.  In contrast to Defendant's cited case, Plaintiff has presented details

about the claim that are minimally sufficient at this stage. *See Scheffler*, 2012 WL 602187,

at *3 (dismissing a bad-faith claim where the plaintiff failed to plead a basis for her belief

that the insurer had misconstrued the policy and imposed unreasonable demands).

Dismissal is not warranted on this ground.  *See Terry*, 344 F. Supp. 3d at 1322; *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (noting that "the nature and specificity of the allegations required to state a plausible claim will vary based on context" (alteration and internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 5) is DENIED. This matter shall be set on the Court's next regular docket for a status and scheduling conference.

IT IS SO ORDERED this 24th day of July, 2020.

CHARLES B. GOODWIN
United States District Judge