IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) FAITH TEMPLE, INC. a domestic corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-CV-13G ) |
| (1) CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin Corporation, | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR LEAVE OF COURT TO AMEND ITS ANSWER
TO ASSERT AN ADDITIONAL DEFENSE AND BRIEF IN SUPPORT**

COMES NOW the Plaintiff, Faith Temple, Inc., (the "Church" or "Plaintiff"), pursuant to LCvR7.1(k)(2) and Fed. R. Civ. P. 15(a)(2), and hereby requests this Court deny Defendant's Motion for Leave of Court to Amend Its Answer to Assert an Additional Defense **[Dkt 036]**. In support of its request, Plaintiff states as follows:

This Court is well aware of the breadth and latitude Fed. R. Civ. P. 15(a)(2) grants it to allow amendment of the pleadings. Rule 15 solidifies the inherent power of the court. Rule 15 does stop short of requiring leave be given and directs the Court to give leave when "justice so requires." Plaintiff states this is a situation where justice would require the Court deny Defendant's request.

Simply stated, the Defendant has learned nothing through discovery as it has not conducted discovery. Plaintiff issued discovery to Defendant and has received its initial responses. Defendant only recently issued discovery to Plaintiff and has **_NOT_** received

1

responses as of this date (they are not yet due).  Defendant now alleges that Plaintiff "failed to provide timely notice of its claim to Defendant" and requests this Court allow it permission to amend its pleadings.  Defendant did not "learn" of this alleged violation through any secreting of documents, information or testimony by the Church or its Counsel. No subpoenas have been issued and no depositions have been taken by either party.  It is unclear to what discovery the Defendant alleges uncovered this information other than information it already possessed.  What is clear is the Defendant's attorneys have determined, well after the fact, another way this claim could be denied and are attempting to use the amendment process as another avenue to deny a valid claim.

The Defendant must be prejudiced by late notice and has failed to state to the Court 1) that it was prejudiced; and 2) how it was prejudiced.  Further, the burden to prove the prejudice falls to the party making the claim. "[A] defense based on an insured's failure to give timely notice [of a claim] requires the insurer to prove that it suffered actual prejudice. Prejudice is not presumed from delayed notice alone." *Lewis v. Aetna U.S. Healthcare, Inc.*, 78 F. Supp. 2d 1202, 1212 (N.D. Okla. 1999); "California's 'notice-prejudice' rule prevents an insurance company from avoiding liability on the basis of untimely notice or submission of proof unless the company proves it has been substantially prejudiced by the delay." *Dang v. Unum Life Insurance Co. of America*, 175 F.3d 1186, 1189 (10th Cir. 1999); "Fundamentally, unless time is of the essence, the insurer must show prejudice resulting from late notice receipt." *F.D.I.C. v. Kansas Bankers Sur. Co.*, 963 F.2d 289, 294 (10th Cir. 1992).

In fact, the Defendant can show neither as its engineer inspected the property and determined why the claim should be denied and provided those reasons in her report. The Defendant followed with a denial letter to the Plaintiff stating what provisions of the policy precluded payment and why the claim was being denied. Not once did Defendant state that it was unable to complete its investigation or that it lacked information due to the untimeliness of Plaintiff's claim.

Plaintiff states that it would be unjust to allow amendment as Defendant seeks to introduce a defense that was not part of its knowledge or belief during the investigation period. It is well settled law that "[t]he knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim." *Buzzard v. Farmers Ins. Co., Inc.* (Okla. 1992) 824 P.2d 1105, 1109. The Defendant should be barred from asserting defenses that were not contemplated, documented or asserted during the claims process. This is a defense created after denial and therefore should not be allowed to be asserted now and barred from amendment.

## RELIEF REQUESTED

Plaintiff specifically requests this Court deny Defendant's request to file an amended answer in order to assert the additional defense that Plaintiff Church failed to provide timely notice of its claim to Defendant.

## CONCLUSION

**WHEREFORE**, Defendants request that the Court allow a sixty (60) day extension of the deadlines in this matter.

Respectfully submitted,

/s/ Ben Baker
Ben D. Baker, OBA No. 21475
bbaker@thebakerlawfirm.com
THE BAKER LAW FIRM
310 West Main Street, Suite 100
Purcell, Oklahoma 73080
Telephone:    405-527-8001
Facsimile:    405-527-1539

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2021, I electronically transmitted a copy of this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Kenyatta R. Bethea, OBA# 18650
HOLLOWAY, BETHEA & OSENBAUGH
3035 N.W. 63rd, Suite 102N
Oklahoma City, OK 73116
Telephone: (405) 246-0600
Facsimile: (405) 810-4080
*kbethea@hbolaw.com*
***Attorneys for Defendant,***
***CHURCH MUTUAL INSURANCE***
***COMPANY***

/s/ Ben Baker
Ben D. Baker