UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FAITH TEMPLE, INC., <br> a domestic corporation, <br>       Plaintiff, <br> v. <br> CHURCH MUTUAL INSURANCE <br> COMPANY, a Wisconsin corporation, <br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. CIV-20-13-G <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Now before the Court is a Motion to Amend Answer (Doc. No. 36) filed by Defendant Church Mutual Insurance Company. Plaintiff Faith Temple, Inc., has responded (Doc. No. 37), and Defendant has filed a Reply (Doc. No. 39).

### I.  Background

Plaintiff initially filed this lawsuit in state court, *see* Second Am. Pet. ¶¶ 3-4 (Doc. No. 1-3) (filed Nov. 27, 2019). In January 2020, the case was removed to this Court.

Plaintiff alleges that it owns a property in Norman, Oklahoma, that was insured by Defendant. *See id.* ¶ 7. Plaintiff alleges that it suffered damage and a "storm/wind and hail loss" on the property, resulting in Plaintiff submitting to Defendant a claim for loss. *Id.* ¶¶ 1, 7-9. Plaintiff alleges that Defendant "conspired to change the date of loss" and "denied payment for the damage Plaintiff suffered." ¶¶ 10, 11, 14. Plaintiff brings claims against Defendant sounding in breach of contract and bad-faith breach of contract. *See id.* ¶¶ 15-22, 26; *see also* Order of July 24, 2020 (Doc. No. 28) at 2 n.2.

Following disposition of two motions to dismiss, Defendant timely filed its Answer (Doc. No. 29) on July 27, 2020. Pursuant to the Court's scheduling order of September 25, 2020, all motions to amend pleadings were due no later than October 9, 2020. *See* Doc. No. 33. In December 2020 the parties jointly requested an extension of certain deadlines, but no extension of the deadline on amendment of pleadings was sought or granted. *See* Doc. Nos. 34, 35.

## II.   *Defendant's Motion*

On January 25, 2021, Defendant filed the instant Motion to Amend Answer, seeking leave to file an amended pleading "in order to assert an additional defense that Plaintiff failed to provide timely notice of its claim to Defendant." Def.'s Mot. to Amend Answer at 2; *see also id.* Ex. 1, Proposed Am. Answer (Doc. No. 36-1) ¶ 32. In support, Defendant alleges that "through discovery, Defendant has learned that Plaintiff failed to provide timely notice of its claim" and concludes that "Plaintiff will suffer no undue prejudice" if amendment is allowed. Def.'s Mot. to Amend Answer at 1.

Plaintiff has objected, arguing that Defendant would not have learned of its new defense through discovery in this case—rather than from information already in Defendant's possession—because Plaintiff has not yet sent Defendant any discovery responses. *See* Pl.'s Resp. at 1-2. Plaintiff further argues that allowing amendment would be improper under Federal Rule of Civil Procedure 15(a)(2) because of the prejudicial effect it would have upon Plaintiff. *See id.* at 2-3.

### III.  Discussion

#### A.  *Federal Rule of Civil Procedure 6(b)(1)(B)*

Because the deadline for the parties to seek to amend their pleadings is long past, Defendant's request is governed by Federal Rule of Civil Procedure 6(b)(1)(B), which prescribes: "When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B); *see also id.* R. 7(b)(1)(B) (prescribing that a motion must "state with particularity the grounds for seeking the order").

Good cause is a "greater showing" than excusable neglect and "requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."  *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (internal quotation marks omitted) (noting that good cause "comes into play" when "there is no fault" and, usually, where the extension is "occasioned by something that is not within the control of the movant" (internal quotation marks omitted)).  Excusable neglect can be shown by "inadvertence, mistake or carelessness," or by "intervening circumstances beyond the party's control."  *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995) (internal quotation marks omitted); *see also Utah Republican Party*, 678 F. App'x at 701 n.2 (citing the relevant factors for determining whether neglect is excusable).  Generally, however, excusable neglect requires "a demonstration of good faith on the part of the party seeking an extension of time and some reasonable basis for noncompliance within the time specified."  4B Adam N. Steinman, *Federal Practice and Procedure (Wright and Miller)* § 1165 (4th ed. 2008).

Defendant's one-page Motion, with its vague reference to "ha[ving] learned" "through discovery," fails to show either good cause for an extension or excusable neglect for the Motion's tardy nature. Nor is this showing made by the Reply, which denies that Defendant's new defense was "concocted after the fact" but fails to state *when* Defendant knew that Plaintiff "insisted that the date of loss be changed to an . . . earlier time period." *Id.* at 2-3. Defendant thus fails to show why it would not have been aware of Plaintiff's alleged delay in filing an insurance claim at the time the initial Answer was filed (or when motions to amend pleadings were due). *See id.* Nor are there any allegations of "inadvertence, mistake," "carelessness," or "intervening circumstances." *Panis*, 60 F.3d at 1494. Absent any specific explanation, the Court is unable to further evaluate the relevant considerations or find a proper basis upon which to allow Defendant to file its Motion under Rule 6(b)(1)(B). *Cf. Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of facts on which the amendment was based for some time prior to the filing of the motion to amend." (internal quotation marks omitted)).

### B. Federal Rule of Civil Procedure 15(a)(2)

Defendant's request is also governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which permits a party to amend its pleading in these circumstances only by leave of the Court. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."

4

*Minter*, 451 F.3d at 1204 (internal quotation marks omitted); *see also id.* at 1204-11 (addressing relevant factors for the determination of whether leave to amend should be granted).[1]  If, however, "the delay in amending results in prejudice to the opposing party, denial of the motion is justified." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.3d 383, 387 (10th Cir. 1987) (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330-31 (1971)).

> [T]he decision whether to grant a motion to amend is addressed to the court's discretion and the court must appraise the potential effect of an amendment on the parties as well as the importance of the amendment to the proper determination of the merits of the dispute. . . . . The reasons for a movant's delay certainly should be among the elements that the court evaluates in deciding whether a potentially prejudicial amendment is to be allowed.

6 Arthur R. Miller et al., *Federal Practice and Procedure (Wright and Miller)* § 1488 (3d ed. 2002).

As explained above, Defendant has not provided concrete reasons for its delay in seeking to amend.  In addition, there is obvious potential prejudice to Plaintiff from allowing the assertion of this defense.  Accordingly, the Court does not find that leave to amend is warranted under Rule 15(a)(2).  *See Fed Ins. Co.*, 823 F.3d at 387; *Morrison v. Anadarko Petroleum Corp.*, No. CIV-10-135-M, 2011 WL 2464178, at *1 (W.D. Okla. June 21, 2011) (declining to find excusable neglect where the movant did not "set forth any reason why she did not move to continue the deadline . . . prior to its expiration").

---

[1] Citing *Gibson v. OfficeMax, Inc.*, No. CIV-08-1289-R (W.D. Okla. Jan. 30, 2009) (order), Defendant asserts, "This Court has adopted a liberal standard for amendment of an answer to assert additional defenses when the factual bases for them becomes known." Def.'s Reply at 4.  This is not an accurate characterization of Judge Russell's Order.  In any event, Defendant has not stated when the factual basis for its new defense "bec[ame] known."

## CONCLUSION

As outlined above, Defendant's Motion to Amend Answer (Doc. No. 36) is DENIED.

IT IS SO ORDERED this 18th day of March, 2021.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge